**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION**

| | |
|---|---|
| **LUANNE BOWSER**, *individually and on behalf of all others similarly situated*, | Civil Action No. 2:24-cv-1306 |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | **COLLECTIVE ACTION** |
| **FLAGSTAR STAFFING, INC. DBA FLAGSTAR NURSING**, | |
| Defendant | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Luanne Bowser ("Plaintiff" or "Bowser"), individually and on behalf of all others similarly situated, files this Complaint against Defendant Flagstar Staffing, Inc. dba Flagstar Nursing ("Defendant" or "Flagstar"), showing in support as follows:

### I.    NATURE OF ACTION

1.    This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. § 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over forty (40) during each seven-day workweek.

2.    An employer is not required to pay an employee for meal periods if the employer can satisfy its burden of showing that the employee received a bona fide meal period. However, Defendant cannot satisfy this burden because it required its hourly-paid direct patient care workers to remain responsible for patient care throughout their shifts, including during meal periods. Direct patient care workers frequently missed meal periods, and even when they attempted to eat their meal periods were regularly interrupted by work demands. In short, Defendant used the meal

periods for its own predominant benefit. Notwithstanding Defendant's practice of requiring hourly-paid direct patient care workers to be available for work and to in fact work throughout their meal periods, Defendant automatically deducted thirty (30) minutes from the total time worked by hourly-paid direct patient care workers each shift to account for hypothetical meal periods. This enabled Defendant to receive the benefit of an additional thirty minutes of unpaid work for each shift worked by hourly-paid direct patient care workers.

3.      Defendant's practice of failing to relieve hourly-paid direct patient care workers of their duties during meal periods, while simultaneously using timekeeping software to deduct meal periods from the total time paid per shift (on the pretext of accounting for meal periods which hourly-paid direct patient care workers were not free to take without interruption), had the effect of depriving hourly-paid direct patient care workers of overtime compensation due to them under the FLSA in each workweek in which they worked more than forty (40) hours, and straight-time compensation at their respective contractual hourly rate(s) in weeks in which they worked fewer than forty (40) hours in a week.

4.      Plaintiff brings this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former hourly-paid direct patient care workers who, like Plaintiff, were deprived of federally guaranteed overtime pay for all hours worked over 40 in each seven-day workweek in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

5.      Plaintiff also brings this lawsuit as a Rule 23 class action asserting Pennsylvania state law claims for unpaid straight-time compensation owed at a contractual hourly rate, individually and on behalf of a class of similarly situated hourly-paid direct patient care workers at any time during the state statutory period before this Complaint was filed up to the time of class

certification who, as a result of Defendant's practice of deducting meal breaks from each shift worked and not paying for the same, did not receive all of the straight time pay at their contractual hourly rate to which they were entitled in the weeks of their employment in which said hourly-paid direct patient care workers worked 40 hours or less (the "Class Members").

6.     Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

7.     Plaintiff and the Class Action Members seek all damages available under state law, including compensatory damages, consequential damages, incidental damages, punitive damages, legal fees, costs, and pre- and post-judgment interest.

## II.     THE PARTIES

### A.     Plaintiff Luanne Bowser

8.     Plaintiff Luanne Bowser is an individual residing in Armstrong County, PA. Plaintiff has standing to file this lawsuit.

9.     Plaintiff began working for Defendant on or about August 08, 2013. Plaintiff is a current employee.

10.     At all times, Plaintiff was paid on a(n) hourly basis of approximately $20.00.

11.     Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

### B.     Collective Action Members

12.     The putative Collective Action Members are all current or former hourly-paid direct patient care employees of Defendant who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek in the time period of three years preceding the date this lawsuit was filed and forward. Because Defendant

did not pay all overtime premium compensation due to its employees who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

**C.    Class Members**

13.    The Class Members are all current or former hourly-paid direct patient care employees of Defendant who, like Plaintiff, are/were subject to Defendant's practice of deducting meal breaks from each shift worked and not paying for the same and who therefore did not receive all of the straight time pay at their contractual hourly rate to which they were entitled in the weeks of their employment in which said hourly-paid direct patient care workers worked 40 hours or less.

**D.    Defendant Flagstar Staffing, Inc. dba Flagstar Nursing**

14.    Defendant is a corporation organized under the laws of the State of Pennsylvania.

15.    Defendant's principal place of business as listed with the Pennsylvania Secretary of State is 20399 Route 19, #202; Cranberry Township, PA 16066.

16.    All employers who "engage in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution […] regardless of whether or not such hospital [or] institution […] is public or private or operated for profit or not for profit," like Defendant, are enterprises engaged in commerce or in the production of goods for commerce and must comply with the FLSA as a "named enterprise." *See* 29 U.S.C. § 203(s)(1)(B).

17.    Defendant may be served with summons through its registered agent Registered Agent Solutions, Inc. County: Dauphin at 125 Locust Street; Harrisburg, PA 17101.

### III.    JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

19.    The United States District Court for the Western District of Pennsylvania has personal jurisdiction over Defendant because Defendant does business in Pennsylvania and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Pennsylvania and in this District.

20.    This Court also properly exerts supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts, namely, the loss of wages suffered by Plaintiff and class members as a result of Defendant's policy of deducting meal break time from shifts worked while simultaneously requiring and permitting Plaintiff and the putative Class Members to work during said meal break time.

21.    Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

### IV.    FACTUAL BACKGROUND

22.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

23.    Plaintiff has worked for Defendant as a certified nursing assistant. Plaintiff began working for Defendant on or about August 08, 2013 through on or about . Plaintiff earned approximately $20.00. At the time of hiring, Plaintiff agreed to provide services as a certified

nursing assistant in exchange for Defendant's agreement to provide hourly compensation for all hours worked under forty (40) at a specified rate.

24.    Plaintiff and similarly situated hourly-paid direct patient care employees of Defendant are regularly scheduled to work shifts several times per week at Defendant's worksites for which they receive some pay on an hourly basis. Plaintiff frequently worked successive shifts such that Plaintiff worked over forty (40) hours in a workweek, like many other hourly-paid direct patient care employees working at Defendant's worksites. Accordingly, Plaintiff and the Class/Collective Action Members frequently worked in excess of forty (40) hours in a workweek.

25.    Defendant frequently requires Plaintiff and similarly situated hourly-paid direct patient care employees to work through promised meal breaks, and even when such hourly-paid direct patient care employees might be afforded meal breaks, they were typically interrupted or subject to interruption by other on-duty direct patient care employees, managers, patients, patients' families, and others at Defendant's worksites.

26.    In such workweeks, as the result of a common wage payment policy and/or practice equally applicable to Plaintiff and the Class/Collective Action Members, Defendant failed to pay all due and owing overtime wages to Plaintiff and the Class/Collective Action Members because it automatically deducted meal breaks of approximately thirty minutes for each shift as to Plaintiff and the Class/Collective Action Members who were routinely interrupted when they were required to perform their job duties.

27.    However, Plaintiff and similarly situated nurses/technicians sometimes worked for fewer than forty (40) hours in a workweek. In such workweeks, Defendant failed to pay Plaintiff and the Class Action Members their respective agreed upon hourly rates for all hours worked due to the same uniform wage payment policy and/or practice of automatically deducting meal breaks

of approximately thirty minutes for each shift. Pursuant to state law, for each such deducted meal break in a workweek of less than forty (40) hours, Defendant will owe Plaintiff and the Class Action Members backpay at the rate of their respective hourly rates of pay.

28.     Plaintiff anticipates that Defendant may attempt to argue that the meal break deductions from each shift worked were warranted so as to account for uninterrupted thirty-minute lunch breaks during which no work was performed and for which no compensation is owed. However, Plaintiff and the Class/Collective Action Members routinely worked through their lunch breaks, and even when they did manage to spend a few minutes eating, that time was regularly interrupted or subject to interruption by other on-duty direct patient care employees, managers, patients, patients' families, and others at Defendant's worksites.

29.     Defendant is and was familiar with the demands of the health care industry in general and of providing medical services and has deliberately chosen to keep its labor costs down by staffing an insufficient number of personnel per shift. Rather than hiring and staffing a sufficient number of hourly-paid direct patient care employees per shift to allow them to take full, uninterrupted meal breaks, Defendant required and permitted these overworked direct patient care employees to work during their meal breaks for the benefit of Defendant.

30.     Defendant knew and expected that Plaintiff and the putative Class and Collective Action Members would work through their unpaid "meal breaks," and this was in fact a daily occurrence. Defendant's supervisors and management routinely interrupted the meal breaks of Plaintiff and the putative Class and Collective Action Members, and Defendant had actual knowledge that its staffing and work policies were causing Plaintiff and the putative Class and Collective Action Members to work through meal breaks to the predominant benefit of Defendant.

31.     Plaintiff and the putative Class and Collective Action Members were expected to complete orders on assigned patients, to answer calls, to respond to medical emergencies, to advise other staff on patient care and status issues, to answer questions from staff or family members, and in general to respond immediately to work demands during "meal breaks."

32.     Defendant knew and/or had reason to know that Plaintiff and the putative Class and Collective Action Members performed work during their unpaid "meal breaks." Indeed, Defendant required Plaintiff and class members to remain available to respond to work demands at any time during the shift, including during meal breaks. Moreover, Plaintiff and the putative Class and Collective Action Members performed work for Defendant during the unpaid meal breaks in plain sight of Defendant's management, quite often at Defendant's management's specific request.

33.     Despite Defendant's knowledge that Plaintiff and the putative Class and Collective Action Members worked during supposed "meal breaks," Defendant willfully failed to compensate them for such work, electing instead to accept the benefits of their work without compensation.

34.     Given that Defendant's supervisors and managers knew from direct observation and from their general knowledge of Defendant's operations that Plaintiff and the putative Class/Collective Action Members (a) regularly worked through the deducted meal break time without compensation; and (b) regularly accumulated overtime hours even after deduction of the uncompensated thirty minute per shift, Defendant had both actual and constructive knowledge that Plaintiff and the putative Class and Collective Action Members were not being compensated for meal periods worked at any rate whatsoever, much less at the agreed hourly rate or at the federally mandated time-and-one-half rate required for overtime.

## V.    FLSA CLAIMS FOR OVERTIME PAY

35.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

36.    At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

37.    At all times relevant to this lawsuit, Defendant has been an enterprise engaged in commerce under the FLSA as a "named enterprise." *See* 29 U.S.C. § 203(s)(1)(B).

38.    Plaintiff and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

39.    Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

40.    Plaintiff and putative Collective Action Members are/were paid on an hourly basis by Defendant.

41.    At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

42.    Plaintiff and putative Collective Action Members are/were not paid for all compensable hours of work when they worked for Defendant.

43.    Defendant is/was required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

44.    Defendant failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

45.     29 U.S.C. § 211(c) provides in relevant part:

Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports there from to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

46.     29 C.F.R. § 516.2 further requires that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and the total hours worked by each employee during the workweek.

47.     To the extent that Defendant failed to maintain all records required by the aforementioned statute and regulations, and failed to furnish to Plaintiff and the putative Collective Action Members comprehensive statements showing the hours they worked during the relevant time period, Defendant also violated the law in that regard.

48.     When an employer fails to keep accurate records of hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 is controlling. That rule states:

[W]here the employer's records are inaccurate or inadequate . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer failed to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

49.     The U.S. Supreme Court set forth the above standard to avoid allowing the employer to benefit by failing to maintain proper records. Where damages are awarded pursuant to the standard in *Mt. Clemens*, "[t]he employer cannot be heard to complaint that the damages

lack the exactness and precision of measurement that would be possible had he kept records in accordance with . . . the Act." *Id.*

50.    Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

51.    Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

52.    Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

53.    Plaintiff and putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.    COLLECTIVE ACTION CLAIMS

54.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

55.    Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

56.    Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> all current and former hourly-paid direct patient care employees of Defendant who are/were not paid time and one-half their respective regular rates of pay for all hours

worked over 40 during each seven-day workweek because their hours of work were docked by application of an automatic meal break deduction to their daily shift for the time period of three years preceding the date this lawsuit was filed and forward.

57.    Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy/practice of automatic deductions for supposed "meal breaks" that were not fully relieved and/or were subject to interruption or actually interrupted.

58.    The putative Collective Action Members are similarly situated to Plaintiff and to one another, within the meaning of Section 216(b) of the FLSA.

59.    The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA. Defendant's failure to pay overtime wages results from generally applicable policies or practices and does not depend on the personal circumstances of the putative Collective Action Members.

60.    The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

61.    Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

62.    Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a collective action.

63.    Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

64.    Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.    PENNSYLVANIA STATE LAW CLAIMS
## BREACH OF CONTRACT

65.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

**Breach of Contract**

66.     A valid contract existing between Plaintiff and/or the Class Members on the one hand and Defendant on the other hand required Defendant to pay for all hours of work less than 40 per week at a specified hourly rate in exchange for Plaintiff and the Class Members' services. Plaintiff and the Class Members performed all duties required under that contract to earn such hourly pay.

67.     Defendant was contractually obligated to pay Plaintiff and the Class Members for all hours of work at the agreed upon hourly rate.

68.     Defendant failed to pay Plaintiff and the Class Members for all hours of work at the agreed upon hourly rate because Defendant failed to pay Plaintiff and the Class Members for purported "meal periods" during which they were not fully relieved of all duties and during which they performed work.

69.     Defendant breached its contractual obligation to pay all hours of work at the specified hourly rate.

70.     Defendant is liable to Plaintiff and the Class Members for all damages available at law due to its breach of its contractual obligations under the contract between Plaintiff and/or the Class Members on the one hand and Defendant on the other hand.

## VIII.    CLASS ACTION ALLEGATIONS

71.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

72.    Plaintiff brings state law claims for breach of contract under state common law as a class action under Rule 23 of the Federal Rules of Civil Procedure.

73.    Plaintiff proposes an initial definition of the Class Members as:

all current and former hourly-paid direct patient care employees of Defendant in the state of Pennsylvania who are/were not paid their contractually owed hourly rate of pay for all hours worked under 40 during each seven-day workweek because their hours of work were docked by application of a meal break deduction to their daily shift for the applicable statute of limitations period preceding the date this lawsuit was filed and forward.

74.    Plaintiff reserves the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

75.    <u>Numerosity (Fed. R. Civ. P. 23(a)(1))</u>. The Class is so numerous that joinder is impracticable. On information and belief, the Class exceeds 40 members.

76.    <u>Commonality (Fed. R. Civ. P. 23(a)(2))</u>. Common questions of law and fact exist as to the Class, including but not limited to the following:

a.    whether agreements existed pursuant to which Defendant was to pay an hourly wage to Plaintiff and to members of the class for each hour of their work;

b.    whether Defendant failed to pay Plaintiff and members of the class for all hours worked as a result of Defendant's automatic deduction of meal periods each shift, notwithstanding the fact that Plaintiff and class members regularly performed compensable work during such meal breaks;

c.    whether Defendant engaged in a continuing policy, pattern or practice of failing to pay Plaintiff and the class members for all hours worked;

d.    whether Defendant breached and continues to breach the employment agreements between it and the Plaintiff and the Class; and

e.    whether Defendant is liable for damages claimed hereunder, including but not limited to unpaid overtime and meal break time worked, attorneys' fees and costs.

77.    <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>. Plaintiff's claims are typical of those of the putative Class. Plaintiff, like other Class Members, was subject to the same policy/practice of automatically deducting pay for meal breaks even though Plaintiff and the Class Members performed compensable work throughout their shifts. Plaintiff's job duties and claims are typical of those of the putative Class.

78.    <u>Adequacy (Fed. R. Civ. P. 23(a)(4))</u>. Plaintiff will fairly and adequately represent and protect the interests of the putative Class.

79.    <u>Adequacy of Representation (Fed R. Civ. P. 23(g))</u>. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of employees seeking back pay, and other wage and hour concerns. Plaintiff's counsel intend to commit the necessary resources to prosecute this action vigorously for the benefit of all of the putative Class Members.

80.    <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>. Class certification of the State Law Claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative Class predominate over any questions affecting only individual members of the putative Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies or practices unlawfully failed to compensate members of the putative Class.

81.    <u>Ascertainability</u> – The identity of the members of the Class is readily ascertainable based on Defendant's records.

82.    <u>Notice (Fed. R. Civ. P. 23(c)(2)(B))</u>. Plaintiff intends to send notice of this lawsuit to all Class Members to the extent provided by Rule 23.

## IX.    JURY DEMAND

83.    Plaintiff demands a jury trial individually and on behalf of the putative Collective/Class Action Members on all issues to which they are entitled to a jury trial.

## X.    DAMAGES AND PRAYER

84.    Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative Collective/Class Action Members be awarded a judgment against Defendant for the following or order(s) from the Court for the following:

a.    An order requiring notice to be issued to all putative collective action members;

b.    An order certifying this case as a class action under Rule 23 relative to the state law claims;

c.    All damages allowed by the FLSA and state law, including back wages;

d.    Liquidated damages in an amount equal to FLSA-mandated back wages and/or state law-mandated back wages;

e.    Legal fees, costs and expenses, as permitted under the FLSA and/or state law;

f.    Pre- and Post-judgment interest, as permitted under the FLSA and/or state law;

g.    All other relief to which Plaintiff and the putative Collective Action Members/Class Members may be justly entitled.

Dated: September 13, 2024                     Respectfully submitted,

By:  */s/ Larry Bendesky*
Larry Bendesky (PA Atty ID #51026)
Patrick Howard* (PA Atty ID #88572)
**SALTZ, MONGELUZZI, & BENDESKY, P.C**.
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Tel: (215) 496-8282
Fax: (215) 496-0999
lbendesky@smbb.com
phoward@smbb.com

*to be admitted pro hac vice

Melinda Arbuckle*
Texas State Bar No. 24080773
marbuckle@wageandhourfirm.com
Ricardo J. Prieto*
Texas State Bar No. 24062947
rprieto@wageandhourfirm.com
**Wage and Hour Firm**
5050 Quorum Drive, Suite 700
Dallas, TX 75254
(214) 489-7653 – Telephone
(469) 319-0317 – Facsimile

*to be admitted pro hac vice*

ATTORNEYS FOR PLAINTIFF AND PUTATIVE
CLASS AND COLLECTIVE ACTION
MEMBERS